SHORT RECORD
NO. 22-1929
FILED 05/25/2022

23,APPEAL,CLOSED,MOTION/DISMISS,MOTION/SJ,PRISONER

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Springfield)
## CIVIL DOCKET FOR CASE #: 3:16–cv–03289–CSB

Moore v. Western Illinois Correctional Center et al    Date Filed: 10/24/2016
Assigned to: Judge Colin Stirling Bruce                Date Terminated: 04/25/2022
Cause: 42:1983 Prisoner Civil Rights                   Jury Demand: Both
                                                       Nature of Suit: 550 Prisoner: Civil Rights
                                                       Jurisdiction: Federal Question

**Plaintiff**

**Lamont Moore**                          represented by   **Kellie K Walters**
GRAHAM                                                     THE WALTERS LAW FIRM
Graham Correctional Center                                 Suite 9000N
12078 Illinois Route 185                                   350 N Orleans Street
Hillsboro, IL 62049                                        Chicago, IL 60654
217–532–6961                                               312–428–5890
                                                           Fax: 312–277–7549
                                                           Email: kwalters@walterslawoffice.net
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Western Illinois Correctional Center**    represented by   **Lisa A Cook**
                                                             ILLINOIS ATTORNEY GENERAL
                                                             500 S Second St
                                                             Springfield, IL 62701
                                                             217–782–9014
                                                             Fax: 217–524–5091
                                                             Email: Lisa.Cook@ilag.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Vandalia Correctional Center**            represented by   **Lisa A Cook**
*TERMINATED: 12/05/2017*                                     (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Gatewood**                          represented by   **Lisa A Cook**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Officers**
*TERMINATED: 04/25/2022*

**Defendant**

**Illinois Department of Corrections**    represented by  **Lisa A Cook**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/24/2016 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0753–2428644.), filed by Lamont Moore.(Walters, Kellie) (Entered: 10/24/2016) |
| 10/24/2016 | 2 | | NOTICE of Appearance of Attorney by Kellie K Walters on behalf of Lamont Moore (Walters, Kellie) (Entered: 10/24/2016) |
| 11/07/2016 | 3 | | Summons Issued as to Officer Gatwood and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 11/07/2016) |
| 11/07/2016 | 4 | | Summons Issued as to Vandalia Correctional Center and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 11/07/2016) |
| 11/07/2016 | 5 | | Summons Issued as to Western Illinois Correctional Center and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 11/07/2016) |
| 01/18/2017 | 6 | | AMENDED COMPLAINT against All Defendants, filed by Lamont Moore.(Walters, Kellie) (Entered: 01/18/2017) |
| 01/19/2017 | 7 | | Alias Summons Issued as to Officer Gatwood and returned to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 01/19/2017) |
| 01/19/2017 | 8 | | Alias Summons Issued as to Illinois Department of Corrections and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 01/19/2017) |
| 01/19/2017 | 9 | | Alias Summons Issued as to Vandalia Correctional Center and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 01/19/2017) |
| 01/19/2017 | 10 | | Alias Summons Issued as to Western Illinois Correctional Center and forwarded to the Plaintiff's attorney for service. (MAS, ilcd) (Entered: 01/19/2017) |
| 01/24/2017 | 11 | | MOTION extension of time to serve Defendants by Plaintiff Lamont Moore. Responses due by 2/7/2017 (Walters, Kellie) (Entered: 01/24/2017) |
| 01/31/2017 | | | TEXT ORDER: Plaintiff's motion to extend the time to serve Defendants is granted (11). The deadline for serving Defendants is extended to February 24, 2017. Entered by Magistrate Judge Tom Schanzle–Haskins on 1/31/2017. (MAS, ilcd) (Entered: 01/31/2017) |
| 02/21/2017 | 12 | | AFFIDAVIT of Service for Alias Summons served on Officer Gatwood on 2/14/17, filed by Lamont Moore. (Walters, Kellie) (Entered: 02/21/2017) |

| 02/21/2017 | 13 | | AFFIDAVIT of Service for Alias Summons served on Vandalia Correctional center on 2/14/17, filed by Lamont Moore. (Walters, Kellie) (Entered: 02/21/2017) |
|---|---|---|---|
| 02/21/2017 | 14 | | AFFIDAVIT of Service for Alias Summons served on Western Illinois Correctional Center on 2/14/17, filed by Lamont Moore. (Walters, Kellie) (Entered: 02/21/2017) |
| 02/28/2017 | 15 | | AFFIDAVIT of Service for Alias Summons served on Illinois Department of Corrections on 2/2/17, filed by Lamont Moore. (Walters, Kellie) (Entered: 02/28/2017) |
| 03/16/2017 | 16 | | NOTICE of Appearance of Attorney by Lisa A Cook on behalf of Officer Gatwood, Illinois Department of Corrections, Vandalia Correctional Center, Western Illinois Correctional Center (Cook, Lisa) (Entered: 03/16/2017) |
| 03/16/2017 | 17 | | MOTION for Extension of Time to File *Response to Plaintiff's Amended Complaint* by Defendants Officer Gatwood, Illinois Department of Corrections, Vandalia Correctional Center, Western Illinois Correctional Center. Responses due by 3/30/2017 (Cook, Lisa) (Entered: 03/16/2017) |
| 04/06/2017 | 18 | | MOTION to Dismiss by Defendants Officer Gatwood, Illinois Department of Corrections, Vandalia Correctional Center, Western Illinois Correctional Center. Responses due by 4/20/2017 (Cook, Lisa) (Entered: 04/06/2017) |
| 04/06/2017 | 19 | | MEMORANDUM in Support re 18 MOTION to Dismiss filed by Defendants Officer Gatwood, Illinois Department of Corrections, Vandalia Correctional Center, Western Illinois Correctional Center. (Cook, Lisa) (Entered: 04/06/2017) |
| 05/07/2017 | 20 | | MOTION for Extension of Time to File Response/Reply as to 19 Memorandum in Support of Motion, 18 MOTION to Dismiss by Plaintiff Lamont Moore. Responses due by 5/22/2017 (Walters, Kellie) (Entered: 05/07/2017) |
| 05/21/2017 | 21 | | RESPONSE to Motion re 18 MOTION to Dismiss filed by Plaintiff Lamont Moore. (Walters, Kellie) (Entered: 05/21/2017) |
| 09/14/2017 | | | TEXT ORDER: Defendants' motion for an extension to file a response to Plaintiff's amended complaint is granted. (d/e 17 ). Plaintiff's motion for an extension to file a response to the motion to dismiss is granted. (d/e 20 ). The responses have been filed within the requested extensions. A separate order will enter ruling on the motion to dismiss. Entered by Magistrate Judge Tom Schanzle–Haskins on 9/14/2017. (MAS, ilcd) (Entered: 09/14/2017) |
| 10/20/2017 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 10/18/17. At the direction of Chief Judge James E. Shadid, this case is reassigned to Judge Harold A. Baker for further proceedings. Entered by Judge Sue E. Myerscough on 10/20/2017. (ME, ilcd) (Entered: 10/20/2017) |
| 10/23/2017 | | | Magistrate Judge Tom Schanzle–Haskins no longer assigned to case. (SKR, ilcd) (Entered: 10/23/2017) |
| 12/05/2017 | 22 | | ORDER entered by Judge Harold A. Baker on 12/5/2017 denying 18 Motion to Dismiss. Discovery shall close 4/30/2018. Case dispositive Motions due by 5/30/2018. Final Pretrial Conference set for 10/3/2018 at 1:30 PM in Courtroom C in Urbana before Judge Harold A. Baker. Jury Selection/Jury Trial set for |

| | | |
|---|---|---|
| | | 10/17/2018 at 9:30 AM in Courtroom C in Urbana before Judge Harold A. Baker. See written order. (JMB, ilcd) (Entered: 12/05/2017) |
| 12/07/2017 | | TEXT ORDER entered by Judge Harold A. Baker on 12/7/2017. Order 22 contains an error in the body of the order stating that defendant Jason Gatewood's answer is due 11/26/2017. That answer is actually due 1/30/2018.(Jason Gatwood answer due 1/30/2018)(DS, ilcd) (Entered: 12/07/2017) |
| 01/30/2018 | 23 | MOTION to Dismiss *or Transfer Venue* by Defendant Jason Gatwood. Responses due by 2/13/2018 (Cook, Lisa) (Entered: 01/30/2018) |
| 03/06/2018 | 24 | MOTION for Extension of Time to File Response/Reply as to 23 MOTION to Dismiss *or Transfer Venue* by Plaintiff Lamont Moore. Responses due by 3/20/2018 (Walters, Kellie) (Entered: 03/06/2018) |
| 03/07/2018 | | TEXT ORDER Entered by Judge Harold A. Baker on 3/7/18. Plaintiff's motion for an extension is granted. Plaintiff's response to the motion to dismiss or transfer venue is due April 5, 2018. (Responses due by 4/5/2018). (SKR, ilcd) (Entered: 03/07/2018) |
| 04/04/2018 | 25 | MOTION to Strike 23 MOTION to Dismiss *or Transfer Venue* by Plaintiff Lamont Moore. Responses due by 4/18/2018 (Walters, Kellie) (Entered: 04/04/2018) |
| 04/04/2018 | 26 | MEMORANDUM in Support re 25 MOTION to Strike 23 MOTION to Dismiss *or Transfer Venue* filed by Plaintiff Lamont Moore. (Walters, Kellie) (Entered: 04/04/2018) |
| 04/18/2018 | 27 | RESPONSE to Motion re 25 MOTION to Strike 23 MOTION to Dismiss *or Transfer Venue* filed by Defendant Jason Gatwood. (Cook, Lisa) (Entered: 04/18/2018) |
| 04/26/2018 | 28 | MOTION for Extension of Time to Complete Discovery *AGREED* by Plaintiff Lamont Moore. Responses due by 5/10/2018 (Walters, Kellie) (Entered: 04/26/2018) |
| 05/23/2018 | 29 | MOTION Clarification re 22 Order on Motion to Dismiss,,,, Set/Reset Deadlines/Hearings, by Plaintiff Lamont Moore. Responses due by 6/6/2018 (Walters, Kellie) (Entered: 05/23/2018) |
| 06/07/2018 | | TEXT ORDER entered by Judge Harold A. Baker on 6/7/2018. The agreed motion to extend the discovery deadline 28 is granted. The discovery deadline is extended to July 31, 2018. (Discovery due by 7/31/2018.)(DS, ilcd) (Entered: 06/07/2018) |
| 06/11/2018 | | TEXT ORDER Entered by Judge Harold A. Baker on 6/11/18. Defendant Gatwood's motion to transfer venue 23 is denied. The plaintiff's claims involve incidents which occurred both in the Southern District of Illinois and the Central District of Illinois. Venue is, therefore, appropriate in the Central District of Illinois. The plaintiff's motion to clarify 29 is granted. The order denying the motion to dismiss inadvertently terminated the Illinois Department of Corrections and Western Illinois Correctional Center. These agencies cannot be sued under 42 U.S.C. Section 1983, but the plaintiff also pursues a claim under the Americans with Disabilities Act. The clerk is directed to restore the Illinois Department of Corrections and Western Illinois Correctional Center as active |

| | | | |
|---|---|---|---|
| | | | defendants. (SKR, ilcd) (Entered: 06/11/2018) |
| 06/22/2018 | 30 | | AFFIRMATIVE DEFENSES *and Answer to Plaintiff's Amended Complaint* by Defendant Jason Gatwood. (Cook, Lisa) (Entered: 06/22/2018) |
| 06/22/2018 | 31 | | MOTION for Extension of Time to File Answer re 6 Amended Complaint by Defendants Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 7/6/2018 (Cook, Lisa) (Entered: 06/22/2018) |
| 06/25/2018 | | | TEXT ORDER entered by Judge Harold A. Baker on 6/25/2018. Defendants' unopposed motion to extend the Answer deadline 31 is granted. The Answer deadline is extended to July 10, 2018. (Jason Gatwood answer due 7/10/2018; Illinois Department of Corrections answer due 7/10/2018; Unknown Officers answer due 7/10/2018; Vandalia Correctional Center answer due 7/10/2018; Western Illinois Correctional Center answer due 7/10/2018) (DS, ilcd) (Entered: 06/25/2018) |
| 07/05/2018 | 32 | | Second MOTION for Extension of Time to Complete Discovery *AGREED* by Plaintiff Lamont Moore. Responses due by 7/19/2018 (Walters, Kellie) (Entered: 07/05/2018) |
| 07/06/2018 | | | TEXT ORDER Entered by Judge Harold A. Baker on 7/6/18. The parties' agreed motion to extend discovery 32 is granted. The discovery deadline is extended to October 31, 2018. The dispositive motion deadline is extended to December 3, 2018. On a separate matter, Plaintiff's motion to strike Defendants' motion to transfer venue 25 is moot. ( Discovery due by 10/31/2018. Dispositive Motions due by 12/3/2018.)(SKR, ilcd) (Entered: 07/06/2018) |
| 07/06/2018 | | | TEXT ORDER Entered by Judge Harold A. Baker on 7/6/18. The Final Pretrial on 10/3/18 at 1:30 PM and Jury Trial on 10/17/18 at 9:30 AM are VACATED and will be rescheduled if necessary after a ruling on dispositive motions. (SKR, ilcd) (Entered: 07/06/2018) |
| 07/09/2018 | 33 | | ANSWER to 6 Amended Complaint by Illinois Department of Corrections, Western Illinois Correctional Center.(Cook, Lisa) (Entered: 07/09/2018) |
| 10/24/2018 | 34 | | Third MOTION for Extension of Time to Complete Discovery *AGREED* by Plaintiff Lamont Moore. Responses due by 11/7/2018 (Walters, Kellie) (Entered: 10/24/2018) |
| 10/25/2018 | | | TEXT ORDER Entered by Judge Harold A. Baker on 10/25/18. The parties' agreed motion to extend discovery 34 is granted. The discovery deadline is extended to January 31, 2019. The dispositive motion deadline is extended to February 28, 2019. ( Discovery due by 1/31/2019. Dispositive Motions due by 2/28/2019.)(SKR, ilcd) (Entered: 10/25/2018) |
| 01/20/2019 | 35 | | First MOTION to Compel *Discovery* by Plaintiff Lamont Moore. Responses due by 2/4/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Walters, Kellie) (Entered: 01/20/2019) |
| 01/21/2019 | 36 | | MOTION for Extension of Time to Complete Discovery *Unopposed* by Plaintiff Lamont Moore. Responses due by 2/4/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Walters, Kellie) (Entered: 01/21/2019) |
| 01/23/2019 | | | TEXT ORDER granting 36 Motion for Extension of Time to Complete Discovery. Fact discovery is extended to April 30, 2019. The dispositive motion |

| | | |
|---|---|---|
| | | deadline is extended to May 30, 2019. Entered by Judge Harold A. Baker on 1/23/2019. (SG, ilcd) (Entered: 01/23/2019) |
| 02/04/2019 | 37 | MOTION for Extension of Time to File Response/Reply as to 35 First MOTION to Compel *Discovery* by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 2/19/2019 (Cook, Lisa) (Entered: 02/04/2019) |
| 02/05/2019 | | TEXT ORDER: Defendants' unopposed motion to extend their deadline for responding to Plaintiff's motion to compel is granted. (d/e 37 .) The deadline is extended to February 18, 2019. Entered by Judge Harold A. Baker on 2/5/2019. (MAS, ilcd) (Entered: 02/05/2019) |
| 02/18/2019 | 38 | MOTION for Protective Order *Agreed* by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 3/4/2019 (Attachments: # 1 Text of Proposed Order)(Cook, Lisa) (Entered: 02/18/2019) |
| 02/18/2019 | 39 | RESPONSE to Motion re 35 First MOTION to Compel *Discovery* filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Cook, Lisa) (Entered: 02/18/2019) |
| 04/10/2019 | | TEXT ORDER: The agreed motion for a protective order is granted. (d/e 38 .) The clerk is directed to enter the proposed protective order with the Court's electronic signature. Entered by Judge Harold A. Baker on 04/10/2019. (DM, ilcd) (Entered: 04/10/2019) |
| 04/10/2019 | 40 | AGREED PROTECTIVE ORDER. See Written Order. Entered by Judge Harold A. Baker on 04/10/2019. (DM, ilcd) (Entered: 04/10/2019) |
| 04/26/2019 | 41 | MOTION for Extension of Time to Complete Discovery by Plaintiff Lamont Moore. Responses due by 5/10/2019 (Walters, Kellie) (Entered: 04/26/2019) |
| 05/01/2019 | 42 | Second MOTION to Compel *Discovery Responses* by Plaintiff Lamont Moore. Responses due by 5/15/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Walters, Kellie) (Entered: 05/01/2019) |
| 05/10/2019 | 43 | RESPONSE to Motion re 41 MOTION for Extension of Time to Complete Discovery filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Cook, Lisa) (Entered: 05/10/2019) |
| 05/15/2019 | | Set/Reset Deadlines/Hearings: Discovery due by 4/30/2010. Motions due by 5/30/2019. (MB, ilcd) (Entered: 05/15/2019) |
| 05/15/2019 | 44 | RESPONSE to Motion re 42 Second MOTION to Compel *Discovery Responses* filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Attachments: # 1 Exhibit 1)(Cook, Lisa) (Entered: 05/15/2019) |
| 05/17/2019 | 45 | MOTION Clarification by Plaintiff Lamont Moore. Responses due by 5/31/2019 (Walters, Kellie) (Entered: 05/17/2019) |
| 05/22/2019 | 46 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion re 42 Second MOTION to Compel *Discovery Responses* filed by Plaintiff Lamont Moore. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Walters, Kellie) (Entered: 05/22/2019) |
| 05/30/2019 | 47 | MOTION for Extension of Time to File *Dispositive Motion* by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 6/13/2019 (Cook, Lisa) (Entered: 05/30/2019) |
| 06/04/2019 | | TEXT ORDER: Plaintiff's motion for clarification is granted. (d/e 45 .) The 5/15/19 entry setting deadlines was for internal purposes and did not rule on Plaintiff's motion for an extension. Plaintiff's motion to extend the fact discovery deadline to July 30, 2019 is granted over Defendants' objection. (d/e 41 .) Plaintiff's first motion to compel appears to have been replaced by Plaintiff's second motion to compel. Accordingly, Plaintiff's first motion to compel is moot. (d/e 35 .) Defendants' motion to extend the dispositive motion deadline is granted. (d/e 47 .) In light of the extension of fact discovery and the pending motion to compel, the dispositive motion deadline is extended to August 30, 2019. Entered by Judge Harold A. Baker on 6/4/2019. (MAS, ilcd) (Entered: 06/04/2019) |
| 07/01/2019 | 48 | MOTION for Leave to File *Amended Complaint* by Plaintiff Lamont Moore. Responses due by 7/15/2019 (Attachments: # 1 Exhibit A)(Walters, Kellie) (Entered: 07/01/2019) |
| 07/15/2019 | 49 | RESPONSE to Motion re 48 MOTION for Leave to File *Amended Complaint* filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Cook, Lisa) (Entered: 07/15/2019) |
| 07/30/2019 | 50 | Third MOTION to Compel *Discovery Responses* by Plaintiff Lamont Moore. Responses due by 8/13/2019 (Walters, Kellie) (Entered: 07/30/2019) |
| 07/30/2019 | 51 | MOTION for Extension of Time to Complete Discovery by Plaintiff Lamont Moore. Responses due by 8/13/2019 (Walters, Kellie) (Entered: 07/30/2019) |
| 07/30/2019 | 52 | Exhibit re 50 Third MOTION to Compel *Discovery Responses* by Lamont Moore. (Walters, Kellie) (Entered: 07/30/2019) |
| 08/13/2019 | 53 | RESPONSE to Motion re 51 MOTION for Extension of Time to Complete Discovery filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Attachments: # 1 Exhibit 1)(Cook, Lisa) (Entered: 08/13/2019) |
| 08/13/2019 | 54 | RESPONSE to Motion re 50 Third MOTION to Compel *Discovery Responses* filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Cook, Lisa) (Entered: 08/13/2019) |
| 08/30/2019 | 55 | MOTION for Summary Judgment by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 9/20/2019 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Cook, Lisa) (Entered: 08/30/2019) |
| 09/18/2019 | 56 | MOTION for Extension of Time to File Response/Reply *Unopposed* by Plaintiff Lamont Moore. Responses due by 10/2/2019 (Walters, Kellie) (Entered: 09/18/2019) |

| 09/19/2019 | | | TEXT ORDER entered by Judge Harold A. Baker on 9/19/2019. The Court GRANTS in part and DENIES in part, Plaintiff's Unopposed Motion for Extension of Time to File his Response in Opposition to Defendants' Motion for Summary Judgment 56 . The Court will allow Plaintiff thirty (30) days to respond to Defendants' Motion for Summary Judgment 55 . In doing so, the Court also DENIES Plaintiff's request for an extension to respond to "Defendant Buncich's Motion to Dismiss." The Court notes there is no such pending motion or named defendant in this case. The Court DENIES Plaintiff's Second and Third Motions to Compel 42 , 50 as moot. The Defendants, in their Response to Plaintiff's Third Motion to Compel 54 , indicate Defendants have provided the requested discovery. If the discovery materials the Defendant referenced are deficient, Plaintiff may renew this request. (KE, ilcd) (Entered: 09/19/2019) |
| 09/26/2019 | 57 | | ORDER entered by Judge Harold A. Baker on 9/26/2019. The Court DENIES Plaintiff's Motion for Leave to File a Second Amended Complaint. The Court accordingly requests an explanation from Plaintiff for the defects present in the proposed Second Amended Complaint discussed above. The Court DENIES Plaintiff's Motion to Extend Discovery 51 as moot. See written order. (KE, ilcd) (Entered: 09/26/2019) |
| 10/03/2019 | 58 | | Response by Lamont Moore re 57 Order on Motion for Leave to File,, Order on Motion for Extension of Time to Complete Discovery, . (Attachments: # 1 Exhibit A)(Walters, Kellie) (Entered: 10/03/2019) |
| 10/11/2019 | | | TEXT ORDER entered by Judge Harold A. Baker on 10/11/2019. The Court notes the Plaintiff's apology. In Plaintiff's Response 58 , he requests permission to file an amended motion for leave to file a second amended complaint. The Court requires such a request be made by motion for proper consideration. Fed. R. Civ. P. Rule 7. Such motions must include the prospective amended complaint attached pursuant to CDIL LR 7.1(F). (KE, ilcd) (Entered: 10/11/2019) |
| 10/21/2019 | 59 | | MOTION for Leave to File Document Under Seal by Plaintiff Lamont Moore. Responses due by 11/4/2019 (Attachments: # 1 Exhibit A)(Walters, Kellie) (Entered: 10/21/2019) |
| 10/21/2019 | 60 | | +++ **SEALED DOCUMENT.. (Walters, Kellie) (Entered: 10/21/2019)** |
| 10/21/2019 | 61 | | +++ **SEALED DOCUMENT.. (Walters, Kellie) (Entered: 10/21/2019)** |
| 10/21/2019 | 62 | | +++ **SEALED DOCUMENT.. (Walters, Kellie) (Entered: 10/21/2019)** |
| 10/21/2019 | 63 | | RESPONSE to Motion re 55 MOTION for Summary Judgment filed by Plaintiff Lamont Moore. (Attachments: # 1 Exhibit B, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit N, # 13 Exhibit O, # 14 Exhibit P)(Walters, Kellie) (Entered: 10/21/2019) |
| 10/22/2019 | | | TEXT ORDER entered by Judge Harold A. Baker on 10/22/2019. The Court GRANTS Plaintiff's Motion 59 . The Court Directs the Clerk of the Court to docket the protective order [59–1] attached. The Court directs the Clerk of the Court to place documents 60 , 61 , 62 under seal. (KE, ilcd) (Entered: 10/22/2019) |
| 10/22/2019 | 64 | | |

| | | |
|---|---|---|
| | | AGREED PROTECTIVE ORDER entered by Judge Harold A. Baker on 10/22/2019. See written order.(KE, ilcd) (Entered: 10/22/2019) |
| 11/04/2019 | 65 | MOTION to Strike 63 Response to Motion, *Pl's Exhibits F & G* by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 11/18/2019 (Attachments: # 1 Exhibit 1)(Cook, Lisa) (Entered: 11/04/2019) |
| 11/04/2019 | 66 | REPLY to Response to Motion re 55 MOTION for Summary Judgment filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Cook, Lisa) (Entered: 11/04/2019) |
| 11/18/2019 | 67 | MEMORANDUM in Opposition re 65 MOTION to Strike 63 Response to Motion, *Pl's Exhibits F & G* filed by Plaintiff Lamont Moore. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Walters, Kellie) (Entered: 11/18/2019) |
| 02/11/2020 | 68 | MOTION for Sanctions *to Exclude Affidavit of Brownlee* by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. Responses due by 2/25/2020 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Cook, Lisa) (Entered: 02/11/2020) |
| 02/21/2020 | 69 | MOTION for Extension of Time to File *Response and Cross Motion* by Plaintiff Lamont Moore. Responses due by 3/6/2020 (Walters, Kellie) (Entered: 02/21/2020) |
| 02/24/2020 | | TEXT ORDER entered by Judge Harold A. Baker on 2/24/2020. The Court GRANTS Plaintiff's motion for an extension of time 69 . Plaintiff has until March 10, 2020, to respond. (KE, ilcd) (Entered: 02/24/2020) |
| 03/10/2020 | 70 | RESPONSE to Motion re 68 MOTION for Sanctions *to Exclude Affidavit of Brownlee and Cross Motion for Sanctions* filed by Plaintiff Lamont Moore. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Walters, Kellie) Modified on 3/20/2020 (KE, ilcd). (Entered: 03/10/2020) |
| 03/19/2020 | | TEXT ORDER entered by Judge Harold A. Baker on 3/19/2020. The court gives Defendants leave to reply to Plaintiff's cross–motion for sanctions. Defendants have 14 days from the entry of this order to file their response. (KE, ilcd) (Entered: 03/19/2020) |
| 04/02/2020 | 71 | REPLY to Response to Motion re 68 MOTION for Sanctions *to Exclude Affidavit of Brownlee*, 70 MOTION for Sanctions filed by Defendants Jason Gatwood, Illinois Department of Corrections, Western Illinois Correctional Center. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Cook, Lisa) (Entered: 04/02/2020) |
| 04/22/2020 | 72 | MOTION for Leave to File *Reply in Support of Motion for Sanctions* by Plaintiff Lamont Moore. Responses due by 5/6/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Walters, Kellie) (Entered: 04/22/2020) |
| 04/22/2020 | 73 | MOTION to Strike 71 Reply to Response to Motion, by Plaintiff Lamont Moore. Responses due by 5/6/2020 (Walters, Kellie) (Entered: 04/22/2020) |

| 05/29/2020 | 74 | | NOTICE *of Recent Authority* (Attachments: # 1 Exhibit)(Cook, Lisa) (Entered: 05/29/2020) |
|---|---|---|---|
| 06/01/2020 | | | TEXT ORDER entered by Judge Harold A. Baker on 6/1/2020. The Court GRANTS Plaintiff's motion requesting leave to file a reply 72 to Defendant's response. The Court directs the Clerk of the Court to Docket 72−1 and attach exhibits B, C and D (72−2, 72−3, 72−4) to the reply. The Court DENIES Plaintiff's motion to strike 73 Defendant's response to Plaintiff's motion for cross sanctions. (KE, ilcd) (Entered: 06/01/2020) |
| 06/01/2020 | 75 | | REPLY to Response to Motion re 68 MOTION for Sanctions *to Exclude Affidavit of Brownlee* filed by Plaintiff Lamont Moore. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(KE, ilcd) (Entered: 06/01/2020) |
| 06/02/2020 | 76 | | MOTION for Leave to File *Response to Notice of Authority* by Plaintiff Lamont Moore. Responses due by 6/16/2020 (Attachments: # 1 Exhibit A)(Walters, Kellie) (Entered: 06/02/2020) |
| 06/05/2020 | | | TEXT ORDER entered by Judge Harold A. Baker on 6/5/2020. The Court DENIES Plaintiff's motion for leave to respond 76 to the notice of authority. (KE, ilcd) (Entered: 06/05/2020) |
| 07/30/2020 | | | TEXT ORDER entered by Judge Harold A. Baker on 7/30/2020. The Court requests Plaintiff to refile the affidavit of Danielle Mobley (70−3), with the signature notarized. The Court gives Plaintiff 14 days to do so. (KE, ilcd) (Entered: 07/30/2020) |
| 08/06/2020 | 77 | | AFFIDAVIT re 70 MOTION for Sanctions *of Danielle Mobley* by Lamont Moore. (Walters, Kellie) (Entered: 08/06/2020) |
| 10/06/2020 | 78 | | ORDER entered by Judge Harold A. Baker on 10/6/2020. For the above reasons, the court DENIES Defendants' Motion 65 to Strike the affidavit of Latrona Moore and the affidavit of Xavier Brownlee. See written order. (KE, ilcd) (Entered: 10/06/2020) |
| 03/26/2021 | | | TEXT ORDER entered by Judge Harold A. Baker on 3/26/2021. The Court DENIES Defendants' Motion 68 for sanctions. The Court DENIES Plaintiff's cross−motion 70 for sanctions. Defendants seek to exclude the affidavit of Brownlee (63−4) as a sanction due to Plaintiff's alleged failure to disclose the affidavit in supplemental discovery disclosures. Plaintiff seeks sanctions for a failure to preserve and produce a Guard Logbook. Based on the filings and arguments of the parties, the Court fails to find that Defendants' failure to produce/preserve the logbook constituted bad faith (per se or otherwise), and fails to find that the record at issue was relevant to the present claims. The Court additionally does not find that Plaintiff failed to disclose the affidavit of Brownlee, even though Defendants did not receive the affidavit. Therefore, the Court denies Defendants' motion for sanctions, and denies Plaintiff's cross−motion for sanctions. (KE) (Entered: 03/26/2021) |
| 01/18/2022 | | | TEXT ORDER entered by Chief Judge Sara Darrow on 1/18/2022. Due to Judge Harold A. Baker's retirement, the case is reassigned to Chief Judge Sara Darrow for further proceedings. (KB) (Entered: 01/18/2022) |
| 01/20/2022 | | | TEXT ORDER OF REASSIGNMENT entered by Chief Judge Sara Darrow on January 20, 2022. This case is reassigned to Judge Colin S. Bruce for further |

| | | | |
|---|---|---|---|
| | | | proceedings. (KB) (Entered: 01/20/2022) |
| 01/26/2022 | | | TEXT ORDER entered by Judge Colin Stirling Bruce on 1/26/2022. Due to Judge Baker's retirement, this matter has been assigned to Judge Colin S. Bruce. A Status Conference is set for 2/11/2022 at 2:00 PM by telephone before Judge Colin Stirling Bruce. Parties should dial 551–285–1373, then enter 160 517 89866 for the call. (KE) (Entered: 01/26/2022) |
| 02/02/2022 | 79 | | MOTION reschedule status hearing re Order,, Set/Reset Hearings, by Plaintiff Lamont Moore. Responses due by 2/16/2022 (Walters, Kellie) (Entered: 02/02/2022) |
| 02/04/2022 | | | TEXT ORDER entered by Judge Colin Stirling Bruce on 2/4/2022. The Court GRANTS Plaintiff's unopposed Motion 79 to reschedule the Status Conference currently set for 2/11/2022. The Status Conference is reset for 3/11/2022 at 11:30 AM by telephone before Judge Colin Stirling Bruce. Parties should dial 551–285–1373, then enter 160 517 89866 for the call. (KE) (Entered: 02/04/2022) |
| 03/09/2022 | | | TEXT ORDER entered by Judge Colin Stirling Bruce on 3/9/2022. The Court vacates the Status Conference set for 3/11/2022. The Court will set a new status conference to establish relevant dates, if necessary, after the Court rules on the pending summary judgment motion. (KE) (Entered: 03/09/2022) |
| 04/17/2022 | 80 | | SUGGESTION OF DEATH Upon the Record as to Plaintiff, Lamont Moore by Lamont Moore. (Walters, Kellie) (Entered: 04/17/2022) |
| 04/25/2022 | 81 | | ORDER entered by Judge Colin Stirling Bruce on 4/25/2022. The unidentified defendants ("Unknown Officers") are dismissed without prejudice for Plaintiff's failure to timely identify and serve them. The motion for summary judgment by Defendants Gatewood, Western Illinois Correctional Center, and the Illinois Department of Corrections is granted on all of Plaintiff's federal claims. 55 . The Court relinquishes supplemental jurisdiction over Plaintiff's state law claims. The clerk is directed to enter judgment and close this case. See written order. (KE) (Entered: 04/25/2022) |
| 04/25/2022 | 82 | | JUDGMENT entered. (KE) (Entered: 04/25/2022) |
| 05/24/2022 | 83 | | NOTICE OF APPEAL as to 81 Order on Motion for Summary Judgment,,,,,, Terminated Case,,, Add and Terminate Parties,, by Lamont Moore. Filing fee $ 505, receipt number AILCDC–3947243. (Walters, Kellie) (Entered: 05/24/2022) |

**United States District Court for the Central District of Illinois**

| | | |
|---|---|---|
| Lamont Moore, | ) | |
| | ) | |
| Plaintiff, | ) | D.C. Case No. 3:16-cv-03289-CSB |
| | ) | |
| v. | ) | |
| | ) | |
| Western Illinois Correctional Center, et al., | ) | |
| | ) | |
| Defendants | ) | |

**<u>Notice of Appeal</u>**

Lamont Moore appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment entered on April 25, 2022.

<u>/s/ Kellie Walters</u>
*Attorney for Plaintiff-Appellant*
*The Walters Law Firm*
350 N. Orleans St., Ste. 9000N
Chicago, IL 60654
(312) 428-5890
kwalters@walterslawoffice.net

Case 3:16-cv-03289-CSB-EBB Document 84 Filed 04/25/22 Page 1 of 26
Case: 22-1929     Document: 1-1     Filed: 05/25/2022     Pages: 39

E-FILED
Monday, 25 April, 2022 09:14:44 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

LAMONT MOORE,                    )
                                )
      Plaintiff,              )
                                )
v.                              )          Case No. 16-CV-3289
                                )
WESTERN ILLINOIS                )
CORRECTIONAL CENTER,            )
*et al.*,                        )
                                )
      Defendants.             )

## ORDER GRANTING SUMMARY JUDGMENT

Tragically, Plaintiff lost an eye when he was attacked by an inmate in Vandalia Correctional Center on June 14, 2015. This lawsuit arises from that attack and subsequent alleged indifference to Plaintiff's need for medical care and accommodation. Plaintiff's counsel has recently filed a notice of Plaintiff's death and intent to file a timely motion to substitute the representative of Plaintiff's estate.

Defendants move for summary judgment, which is granted on the federal claims. A rational juror could not conclude that the only individual defendant sued, Officer Gatewood, was aware of a substantial risk of serious harm to Plaintiff before the attack or was

indifferent to Plaintiff's injury after the attack. Plaintiff's claim under the ADA does not survive summary judgment because a rational juror could not find that Plaintiff was substantially limited in his ability to walk. The Court relinquishes supplemental jurisdiction over Plaintiff's state law claims.

## I.   SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a genuine dispute through specific cites to admissible evidence or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(1). If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id.*; *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forth with sufficient

2

evidence to create genuine issues of material fact to avoid summary judgment." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. *Id.* at 248.

## II.   FACTS

In June 2015, Plaintiff was an inmate incarcerated at Vandalia C.C. and housed in J Dorm with another inmate, Kaleel Sample ("Sample"). (Pl. Dep. ECF 55-1 9:24-10:4, 10:11-14). The dorm was an open dorm setting, open like a large pole barn. (Gatewood Dep. ECF 55-2 15:8-9). There were approximately 40-44 bunk beds lined up in rows, and there was a shower room in the back and restroom. (*Id.* at 15:11-19). There may have been around 86 inmates housed in J Dorm in June 2015. (*Id.* at 16:19-21). Inmates were allowed to have keys for the lockboxes under their bunks. (*Id.* at 55-2 17:6-10; Maj. Brian Kinney Dep. ECF 63-2 47:21-24).

Defendant Jason Gatewood was the regular dorm officer in J Dorm at the time. (Gatewood Dep. ECF 55-2 11:20-12:17, 17:8-10).

3

From the place where a correctional officer sat in the front of the dorm, they would be able to see the majority of the dorm except for the bathrooms and shower area. (Shawn Ritchey Dep. ECF 63-8 29:16-24). Correctional officers are trained to be alert and make determinations as whether there will be violence among the inmates (Ritchey Dep. 63-10 43:14–44:11). It is mandatory that a correctional officer tour the dorm to which he is assigned every half-hour (Ritchey Dep. ECF 63-10 30:3-4). Because J Dorm is an open dormitory, it would be impossible to keep rival inmates separate from each other, unless one was locked up in segregation. (Kinney Dep. ECF 63-2 49:6-14).

Around June 11, 2015, Sample was playing around in the bathroom by splashing and throwing water. Plaintiff told Sample to not splash water. (Pl. Dep. ECF 55-1 10:15-11:7). Plaintiff had no more incidents with Sample until the day Sample attacked Plaintiff. (*Id.* at 11:3-7). A couple days before June 14, 2015, Plaintiff asked to be moved to the other side of the dorm away from Sample and the young guys on Plaintiff's side of the dorm– who were several bunks away from Plaintiff–because Plaintiff couldn't get any sleep on that side of the dorm. (Pl. Dep. ECF 55-1 11:10-22, 13:22-14:7).

On June 14, 2015, Defendant Gatewood worked his 7:00 a.m. to 3:00 p.m. shift. (Kinney Dep. ECF 63-2 53:17-20; ECF 63-3). Correctional officers are expected to remain on the shift where they are assigned until the end of their shift or until relieved. (Kinney Dep. ECF 63-2 55:1-11). The first shift officers are usually relieved between 2:45 and 3:00 P.M. (Kinney Dep. ECF 63-2 69:1-3). Officer Nicholas Slagle ("Slagle") worked the 3-11 P.M. shift. (Kinney Dep. ECF 63-2 28:4-7).

Before lunch around 10 A.M. on June 14, 2015, Sample said something to Plaintiff (Plaintiff cannot recall what Sample said) and Plaintiff brushed it off, "walked it off," and went to ask Defendant Gatewood to please move Plaintiff. (Pl. Dep. ECF 55-1 11:10-22, 13:11-24).

Defendant Gatewood said he wasn't going to move Plaintiff. (Pl. Dep. ECF 55-1 11:21-22). Defendant Gatewood was aware of previous disciplinary issues with Sample, such as being insolent, being mouthy, and cussing at officers (Gatewood Dep. ECF 55-2 28:9-15) but Defendant Gatewood had not heard about violent attacks by Sample prior to Sample's attack on Plaintiff. (*Id.* at 23:24-24:4).

After lunch Plaintiff returned to the dorm around noon (Pl. Dep. ECF 55-1 17:22-23), approached Defendant Gatewood again and asked to be moved from that side of the dorm to get Plaintiff "away from these guys." (*Id.* at 16:6-9). Plaintiff asked to be moved and Defendant Gatewood said he was not a lieutenant. (*Id.* at 16:6-16). An inmate has to talk to the officer and then the officer has to talk to the lieutenant to be moved. (*Id.* at16:14-16, 20-24).  Plaintiff asked if Defendant Gatewood spoke to the lieutenant and Defendant Gatewood said he did. (*Id.* at 17:1-3). After speaking to Defendant Gatewood, Plaintiff returned to his bunk. (*Id.* at 17:17-18). Plaintiff then spent a couple hours around his bunk with other inmates (*Id.* at 17:21–18:6).

At some point after lunch, Sample came around Plaintiff's bunk area and began to "horseplay" with another young guy. (*Id.* at 19:3-17). Plaintiff told them to "please get out of my area," because they were falling all over the bunks and getting in Plaintiff's area. (*Id.*). Plaintiff left and used the bathroom and came back to find Sample and the young guy "tussling" and that they had moved the bunks out of the way. (*Id.*). Plaintiff told them to get out of his area and Sample "mouth[ed] off." (*Id.*). Sample seemed upset that Plaintiff was asking

6

him to stop. (*Id.* at 19:21-23). Plaintiff cannot recall if Sample threatened Plaintiff, nor does Plaintiff recall what Sample said, but Plaintiff brushed it off and went and told Defendant Gatewood again. (*Id.* at 20:4-7).

That day, Plaintiff spoke to Defendant Gatewood five times about Sample. (*Id.* at 91:14). Plaintiff asked Defendant Gatewood, to move him from the side with the young guys, because they were a "bunch of young kids" and they engaged in "horseplay," and were "playing too much." (*Id.* at 91:17-24). "They [were] wrestling, throwing water all on people's bunks." (*Id.*). Plaintiff "was trying to get moved before any of [that] occurred to [him]." (*Id.*). Plaintiff was trying to get off that side of the dorm. (*Id.* at 91:24-92:1).

Xavier Brownlee ("Brownlee"), a fellow inmate, witnessed Plaintiff asking to be moved several times. (*Id.* at 78:9-11). Brownlee witnessed one of the interactions that day between Plaintiff and Sample. (Brownlee Aff. ECF 63-4). Afterwards, Brownlee witnessed Plaintiff tell Defendant Gatewood that "[Plaintiff] was concerned for his physical safety after the altercation with [Sample.]" (*Id.*).

When Plaintiff came back, Sample said something else to Plaintiff and Plaintiff "brushed it off," and was not paying attention

7

to Sample. (Pl. Dep. ECF 55-1 19:15-17). Plaintiff was not afraid of Sample. (*Id.* at 20:11-18). Plaintiff did not expect Sample to hit him. (*Id.* at 20:13-14). Sample did not say anything to Plaintiff that made Plaintiff think that Sample was going to attack him. (*Id.*). "If [Sample] did, [...] this wouldn't have happened." (*Id.* at 20:15-18). Plaintiff "didn't see it coming." (*Id.* at 20:15-18).

Sample hit Plaintiff one time in the left eye with a key Sample held between his fingers. (*Id.* at 20:21-21:4). When Sample pulled his arm back, he pulled Plaintiff's left eye out of its socket. (*Id.*). Plaintiff fell and hit the bunk; Plaintiff couldn't see anything and couldn't do anything else. (*Id.* at 21:6-7). Plaintiff's fellow inmates told Plaintiff that Plaintiff was stabbed in the eye and bleeding and then the inmates summoned an officer. (*Id.* at 21:13-16). It took about five or ten minutes for the officer on duty to respond to Plaintiff's injuries and then call the shift commander. (*Id.* at 22:1-10). The officer "hurried up" and Plaintiff was "rushed" to the medical unit. (*Id.* at 24:7-10; 22:24-23:1). Slagle's incident report stated that Slagle saw Plaintiff at approximately 3:05 P.M. and sent Plaintiff to the healthcare unit. (ECF 63-1).

8

Defendant Gatewood saw Plaintiff holding his face and going to the healthcare unit between 3:20-3:30 P.M. (Gatewood Dep. ECF 55-2 22:14-24, 41:9-24). Defendant Gatewood then completed an incident report on June 14, 2015, at approximately 4:50 P.M., noting that he performed the last dorm check at 2:30 P.M. and that he observed Plaintiff to be uninjured. (Incident Report ECF 55-4). Defendant Gatewood did not see any odd behavior the day of the attack that would have raised a red flag that something was wrong. (Gatewood Dep. ECF 55-2 39:20-23). Defendant Gatewood did not see Sample and Plaintiff interact that day (ECF 55-2 13:17).

At approximately 4:16 P.M. on June 14, 2015, Plaintiff left Vandalia C.C. for medical treatment at a hospital. (ECF 55-7). While Plaintiff was being treated at a hospital, Plaintiff told a medical provider that he was stabbed in the eye around 1:30 P.M. (ECF 60).

Plaintiff was transferred from Vandalia C.C. to Western Illinois Correctional Center ("Western C.C.") on July 15, 2015. (ECF 55-7). Plaintiff was in the healthcare unit for two weeks after the transfer. (Pl. Dep. ECF 55-1 30:18-21). On July 21, 2015, Plaintiff agreed to enucleation (removing an eye) on his left eye and the surgery was completed on September 3, 2015. (Report of Dr. Veena Raiji ECF 55-

9

3 at 4-5). After the surgery, Plaintiff stayed in the healthcare unit for a week before he was sent back to general population. (Pl. Dep. ECF 55-1 33:2-8).

In general population at Western C.C., Plaintiff was housed in Unit 4, located in the back of the institution. (*Id.* at 34:2-8). The "chow hall," healthcare unit, commissary, and visiting room were next to each other at Western C.C. (*Id.* at 43:16-44:1). Plaintiff had to go the chow hall more than once a day, the healthcare unit once a day to get medication and have his bandages changed before lunch, and then go to the chow hall. (*Id.* at 33:17-19; 38:24-39:2; 39:20-23). Plaintiff received medication three times a day and his morning and evening doses were brought to Plaintiff's cell. (*Id.* at 34:15-35:18). Plaintiff would go to the commissary weekly. (*Id.* at 44:2-3).

Because of his missing eye, Plaintiff was given an eye patch for his eye, a slow walk permit, (*Id.* at 40:11-15) and a lower bunk permit to be in a lower bunk (*Id.* at 31:5-18). Plaintiff did not have any problems physically walking; the problems that he had were due to his eye problems. (*Id.* at 42:1-3). Plaintiff's eye injury affected Plaintiff's balance. (*Id.* at 92:19-21). His vision was blurrier, and he now wears glasses. (*Id.* at 50:19-24).

It would take Plaintiff 30-40 minutes to walk from his cell to the healthcare unit because the line of inmates had to repeatedly stop and wait for other housing groups to join the walking group, then keep going. (*Id.* at 34:12-14, 39:3-16, 41:14-24). Plaintiff was always in the back of the line because he walked slow and could not keep up. (*Id.* at 39:24-40:10). Sometimes other inmates assisted Plaintiff. (*Id.* at 40:3-4). Plaintiff never fell nor was injured while walking from his housing unit to any other place at Western C.C. (*Id.* at 42:19-23).

Plaintiff told a nurse, a doctor, someone in Internal Affairs and a counselor that it was too far to walk and asked if Plaintiff could be moved to Unit 1 to be next to the healthcare unit. (*Id.* at 45:7-18; 46:5-16; 50:6-8). Aside from asking to be moved closer to the healthcare unit, Plaintiff did not ask for any other arrangements related to his eye injury. (*Id.* at 59:5-9, 76:11-16).

Plaintiff was never denied the ability to go to the chow hall or health care unit. (Pl. Dep. ECF 55-1 42:24-43:3). Plaintiff was offered gym time, but Plaintiff did not go to the gym because the gym was too small and closed in. (*Id.* at 44:21-43:1). Plaintiff was able to go to the visiting room and the commissary at Western C.C. (*Id.* at 43:21-23). Plaintiff went to the yard a couple of times, but did not go to the

11

yard that often, even though the yard was just outside of his building. (*Id.* at 44:7-20). Inmates could have jobs at Western C.C., though Plaintiff never asked for a job and did not want a job. (*Id.* at 74:12-18). Plaintiff started classes at Western C.C. (*Id.* at 75:21-22). Western C.C. offered a drug program and Plaintiff was allowed in the program. (*Id.* at 74:19-75:3).

Plaintiff was moved to a housing unit closer to the healthcare unit shortly before he left Western C.C. (*Id.* at 45:19-24; ECF 55-7). Plaintiff was transferred from Western C.C. to another prison in May of 2016 and Plaintiff was released from IDOC custody in 2017. (ECF 55-7).

Plaintiff's eye expert, Dr. Veena Raiji ("Dr. Raiji"), evaluated Plaintiff's medical records, deposition, and grievances in an expert report (Report of Dr. Raiji ECF 55-3). Dr. Raiji evaluated Plaintiff's grievance of July 31, 2015, and opined that "[w]alking back and forth long distances to receive eye drops 5x/day is not reasonable, especially given [Plaintiff's] pain level and monocular status." (Report of Dr. Raiji, ECF 55-3 at 5).

12

## II.  ANALYSIS

### A. Defendant Gatewood

#### 1. Failure to Protect

State officials must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). For a state official to be held liable on a failure to protect claim, a plaintiff must satisfy a test that contains both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the risk of harm to be "sufficiently serious." *Id.* The subjective component focuses on whether the official had a "sufficiently culpable state of mind." *Id.* For cases involving risk of harm to an inmate, a "deliberate indifference" standard is used. *Id.* Under this standard, a state official is liable only if he knows an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Under "the subjective prong of the deliberate indifference claim," the "official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he 'must both be aware of facts from which the inference could be drawn that

13

a substantial risk of serious harm exists, and he must also draw that inference.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Thus, in order to establish the liability of a prison official, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (citation omitted). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm *and* identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas*, 798 F.3d at 481 (emphasis added) (citation omitted). "Complaints that convey only a generalized, vague, or stale concern about one's safety typically will not support an inference that a prison official had actual knowledge that the prisoner was in danger." *Gevas,* 798 F.3d at 480–81 (citations omitted). "Mere negligence . . . is not enough to state a claim of deliberate indifference[.]" *Pope*, 86 F.3d at 92 (citation omitted). "It is also not sufficient to show that the prison guard merely failed to act reasonably." *Id.* (citation omitted).

The Court agrees with Defendant Gatewood that no rational juror could conclude that Defendant Gatewood knew that Sample

14

posed a serious risk of substantial harm to Plaintiff before the attack. Plaintiff's requests to be moved away from the "young men" and Sample because of their horseplay were not enough to put Defendant Gatewood on notice that Sample posed a serious risk of substantial harm. *Cf.*, *Grieveson v. Anderson*, 538 F.3d 763, 776–77 (7th Cir. 2008) (holding that plaintiff's request to be moved to a "safer" block without informing prison officials about "a tangible threat to his safety or wellbeing" was too vague to put officials on notice of a specific threat to his safety).  In his deposition, Plaintiff describes his interactions with Sample as consisting of exchanging "words" that Plaintiff "brushed off," or incidents where Sample splashed water in the bathroom, or Sample and other young guys played too much, engaged in "horseplay," threw water in people's bunks, and interfered with Plaintiff's sleep. Before Sample attacked Plaintiff, Sample and a young guy were "tussling" and fell over some bunks and moved bunks; Plaintiff told Sample to stop and Sample seemed upset and "mouthed off."  These are not the kind of interactions that suggest violence was likely to occur between Plaintiff and Sample.  *See Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (suggesting that substantial risk means "risks so great that they are almost certain to

15

materialize if nothing is done"); *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (concluding that an inmate who faced a threat of a possible but implausible prison riot failed to allege a substantial risk).

Plaintiff does not dispute that, before the attack, Defendant Gatewood was aware only of Sample's nonviolent disciplinary history. In addition, Plaintiff further testified in his deposition that Plaintiff was not afraid of Sample and did not expect that Sample would hit him. Sample did not say anything to Plaintiff that made Plaintiff think that Sample was going to attack Plaintiff. *See DeJesus v. Godinez*, 720 F. App'x 766, 771 (7th Cir. 2017) (holding that plaintiff's statement that another inmate was "aggressive" fell short of being a specific, credible, and imminent risk of serious harm, "especially since [the plaintiff] admit[ted] that even he had no idea [the other inmate] would attack").

Plaintiff offers Brownlee's affidavit which states that Brownlee witnessed "an altercation" between Plaintiff and Sample on June 14, 2015, but Brownlee does not say what the altercation was. (Brownlee Aff. ECF 63-4); *see Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004) ("[C]onclusory statements, not grounded in specific

16

facts, are not sufficient to avoid summary judgment.").  Brownlee also

avers that he "witnessed [Plaintiff] tell [Defendant] Gatewood that

[Plaintiff] was concerned for his physical safety after the altercation

with [Sample]." (Brownlee Aff. ECF 63-4). Brownlee's affidavit is

admissible, but Brownlee's statement about what Plaintiff said is

inadmissible for the truth of the matter asserted—that Plaintiff was

actually concerned for his physical safety or that such a concern

would have been credible. Plaintiff himself was not afraid of Sample

and did not expect to be attacked.  Brownlee's affidavit is too vague

and conclusory to create a material dispute for trial. *See Grieveson v.*

*Anderson*, 538 F.3d 763, 776–77 (7th Cir. 2008) (holding that

plaintiff's request to be moved to a "safer" block without informing

prison officials about "a tangible threat to his safety or wellbeing" was

too vague to put officials on notice of a specific threat to his safety);

*Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) (holding

that plaintiff's statements "that he was afraid for his life and he

wanted to be transferred off the tier" lacked the specificity needed to

alert officers to a specific threat and to hold them liable for deliberate

indifference); *Simmons v. McCulloch*, 546 F. App'x 579, 582 (7th Cir.

2013) (holding that plaintiff failed to meet his burden where evidence

17

showed he "did not fear [his attacker], and he had never fought with him, or reported being threatened, or asked to be separated"; where plaintiff "admit[ted] in his deposition that the assault was unexpected, and in fact he was not even [the attacker's] initial target"); *Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (holding that defendants were not put on notice of a specific threat where plaintiff told officers only that he "was having problems in the block," "was scared," and "needed to be removed" and did not disclose what the specific threats were or identify who had threatened him.); *compare with Gevas v. McLaughlin*, 798 F.3d 475, 481–82 (7th Cir. 2015) (plaintiff adduced sufficient evidence of prison official's actual knowledge by testifying he informed defendants of the identity of the person who threatened him, the nature of the threat, and enough context to render the threats plausible).

Plaintiff offers Plaintiff's grievances filed after the attack and statements of other inmates (ECF 62), but the grievances and statements are inadmissible hearsay if offered for the truth of assertions therein. Fed. R. Evid. 801, 802. Mrs. Latrona Moore's affidavit about her phone conversations with Plaintiff is also inadmissible. (Latrona Moore Aff. ECF 63-5). Mrs. Moore does not

18

have independent personal knowledge of what occurred in prison. Fed. R. Civ. P. 56(c)(4). Further, the statements of these individuals, even if not hearsay, do not allow a plausible inference that Defendant Gatewood was aware before the attack that Sample posed a substantial risk of serious harm to Plaintiff.

In sum, no reasonable juror could find that Defendant Gatewood was aware of a specific and serious threat to Plaintiff from Sample. Accordingly, Defendant Gatewood is entitled to summary judgment on Count I.

### 2. Failure to Provide Medical Attention

Plaintiff did not allege that Defendant Gatewood failed to provide medical attention in Plaintiff's complaint. "[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'" *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (quoting *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)).

In any event, this claim would not survive summary judgment. In his deposition, Plaintiff testified that after Plaintiff was attacked and injured, inmates went and got the correctional officer on duty, who came and notified the shift commander. Plaintiff estimated it

19

took 5-10 minutes. The unidentified officer who Plaintiff describes did not ignore Plaintiff's condition, but "'hurried up" so Plaintiff could be "rushed" to the medical unit.

Plaintiff offers a medical report where Plaintiff told medical staff that he was injured at 1:30 in the afternoon. That statement cannot be offered to contradict Plaintiff's sworn testimony that Plaintiff was rushed to the medical unit. In short, Plaintiff offers no evidence that Defendant Gatewood (or whoever was on duty at the time Plaintiff was injured) was deliberately indifferent to Plaintiff's medical needs after the attack.

### 3. *Civil conspiracy*

With no federal claim against Defendant Gatewood, Plaintiff's civil conspiracy claim necessarily drops out as well. *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016)("[w]ithout a viable federal constitutional claim, [a] conspiracy claim under § 1983 necessarily fails; there is no independent cause of action for § 1983 conspiracy.").

### 4. *Supplemental state law claims*

To the extent Plaintiff pursues supplemental state law claims against Defendant Gatewood, the Court declines to exercise supplemental jurisdiction over those claims. 28 U.S.C. §

20

1367(c)(3)(district courts may decline to exercise supplemental jurisdiction where court has dismissed all federal claims); <u>Williams Electronics Games, Inc. v. Garrity</u>, 479 F.3d 904, 907 (7th Cir.2007) (explaining the "presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims").

### B. Defendants Western Illinois Correctional Center and IDOC

Plaintiff alleges a violation of Title II of the ADA in that Plaintiff was discriminated against while he was at Western C.C. because he was denied services that would allow him to move from one building to another and obtain his medication without injuring himself. [ECF 6]. The only accommodation that Plaintiff sought was to be moved to a housing unit with a shorter walk to the healthcare unit and chow hall.

The Court agrees with Defendants that this claim fails because Plaintiff was not a qualified individual with a disability under the ADA.

To determine whether Plaintiff is a qualified individual with a disability, the Court inquires "[1] whether the plaintiff's condition constitutes an impairment under the ADA, [2] whether the activity upon which the plaintiff relies constitutes a major life activity, and [3] whether the impairment substantially limited the performance of the major life activity." *E.E.O.C. v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir. 2005) (citing *Bragdon v. Abbott,* 524 U.S. 624, 631 (1998)).

The parties agree that Plaintiff's missing left eye is an impairment under the ADA.  Walking is an enumerated major life activity under the ADA. 42 U.S.C. § 12102(2)(A) (stating major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing . . . .").

Plaintiff's ADA claim fails at the third element:  whether the loss of one eye substantially limited Plaintiff's ability to walk.  The Supreme Court has declined to hold that monocular individuals are disabled *per se*, but like anyone, must prove a disability "by offering evidence that the extent of the limitation in terms of their own

22

experience . . . is substantial." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999).

Plaintiff asserts that his problem walking was due to having no sight in his left eye which caused him to walk slowly. Plaintiff had issues with his balance and blurry vision. In his deposition, Plaintiff testified that it took him 30-40 minutes to walk from his housing unit to the back of the prison to the healthcare unit or chow hall in the slow walk line, and that he walked at the back of that group because he was so slow. Plaintiff had a slow walking permit, and never fell or was hurt while walking at Western C.C. Plaintiff does not say that he needed a cane or walking aid. While other inmates sometimes assisted Plaintiff, Plaintiff does not say how others assisted him or why he needed assistance.

A limitation on walking, restricted only to the 'rate and pace' instead of the actual ability to walk, is not a significant restriction when compared to the average person. *See Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 951 (7th Cir. 2000). In *Moore*, the Seventh Circuit Court affirmed the district court's determination that that a plaintiff suffering from arthritis was not substantially limited

in his ability to walk when he could walk up to one mile and his condition only affected the rate and pace of his activities. *Id.* at 951.

Plaintiff's expert, Dr. Raiji, opines that "[w]alking back and forth long distances to receive eye drops 5x/day [was] not reasonable, especially given [Plaintiff's] pain level and monocular status." This is not enough to allow a plausible inference that Plaintiff was substantially limited in his ability to walk to the prison healthcare unit or chow hall. Dr. Raiji does not say what he considers a long distance or that he is familiar with how far Plaintiff had to walk. S*ee Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 516, 522 (7th Cir. 2009) (stating that the plaintiff's testimony that they walk "'with difficulty,' without any medical corroboration or evidence as to time or distance limitations, was insufficient to survive summary judgment[.]")(quoting *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 784–85 (7th Cir. 2007)). Further, Dr. Raiji's description of the requirement as unreasonable is not the same as saying Plaintiff's ability to meet that requirement was substantially impaired.

"To qualify as disabling, a limitation on the ability to walk must be 'permanent or long term, and *considerable* compared to the walking most people do in their daily lives.'" *Fredricksen v. United*

*Parcel Serv., Co.*, 581 F.3d 516, 522 (7th Cir. 2009) (emphasis added) (quoting *EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 802 (7th Cir. 2005). No rational juror could conclude that the impairment to Plaintiff's ability to walk was sufficiently severe to rise to the level of a substantial limitation. *See, id.,* (plaintiff's walking-based disability did not qualify when the plaintiff was able to perform the essential functions of his job which included walking, standing, bending, stooping, climbing, and crawling for the duration of a workday); *compare with E.E.O.C. v. Sears, Roebuck & Co.,* 417 F.3d 789, 793-94, 802 (7th Cir. 2005) (reasonable jury could find substantial limitation where plaintiff could not walk one block without her leg and feet going numb, walked with a cane, and had to balance against a wall to avoid falling). Accordingly, Defendants Western and IDOC are entitled to summary judgment.

**IT IS ORDERED:**

**(1) The unidentified defendants ("Unknown Officers") are dismissed without prejudice for Plaintiff's failure to timely identify and serve them.**

**(2) The motion for summary judgment by Defendants Gatewood, Western Illinois Correctional Center, and the Illinois**

25

Department of Corrections is granted on all of Plaintiff's federal claims. [55.]  The Court relinquishes supplemental jurisdiction over Plaintiff's state law claims.

(3)  The clerk is directed to enter judgment and close this case.

ENTERED: 4/25/2022


_____**s/Colin S. Bruce**_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE

Case 3:16-cv-03289-CSB Document 82   Filed 04/25/22   Page 1 of 1
Case: 22-1929      Document: 1-1      Filed: 05/25/2022      Pages: 39
Judgment in a Civil Case (02/11)
E-FILED
Monday, 25 April, 2022  01:47:17 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

for the
Central District of Illinois

| | |
|---|---|
| **Lamont Moore** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case Number: 16-3289** |
| | ) |
| **Western Illinois Correctional Center,** | ) |
| **Vandalia Correctional Center,** | ) |
| **Jason Gatewood, Unknown Officers,** | ) |
| **Illinois Department of Corrections.** | ) |
| | ) |
| **Defendants.** | ) |

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT**.    This action came before the Court for a trial by jury.    The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT**.    This action came before the Court, and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that Defendant Vandalia Correctional Center was terminated by Court Order on 12/5/2017.

   **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Lamont Moore's action against Defendants Western Illinois Correctional Center, Jason Gatewood, Unknown Officers and Illinois Department of Corrections is dismissed with the parties to bear their own costs.

**Dated: 4/25/2022**

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court